## <u>Exhibit 3</u>

**Form 401 – Response to Question 6**

**Certified Copy of the Initial Order**

Electronically issued / Délivré par voie électronique : 14-May-2025
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-25-00743053-00CL



Court File No. CV-25-00743053-00CL

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

| | | |
|---|---|---|
| THE HONOURABLE | ) | WEDNESDAY, THE 14TH DAY |
| | ) | |
| JUSTICE CONWAY | ) | OF MAY, 2025 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PROPOSED PLAN OF COMPROMISE OR ARRANGEMENT WITH RESPECT TO LI-CYCLE HOLDINGS CORP., LI-CYCLE CORP., LI-CYCLE AMERICAS CORP., LI-CYCLE U.S. INC., LI-CYCLE INC. AND LI-CYCLE NORTH AMERICA HUB, INC.

Applicants

**INITIAL ORDER**

**THIS APPLICATION**, made by the Applicants for an initial order pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**") was heard this day by judicial videoconference.

**ON READING** the affidavit of Ajay Kochhar sworn May 12, 2025 and the Exhibits thereto (the "**Kochhar Affidavit**"), the consent of Alvarez & Marsal Canada Inc. ("**A&M**") to act as the Monitor (in such capacity, the "**Monitor**"), and the Pre-Filing Report of A&M in its capacity as the proposed Monitor, and on hearing the submissions of counsel for the Applicants, A&M and such other parties as listed on the counsel slip.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE À TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 14 DAY OF May 20 25
FAIT À TORONTO LE ___ JOUR DE ___

REGISTRAR / GREFFIER    Maggie Sawka

Electronically issued / Délivré par voie électronique : 14-May-2025
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-25-00743053-00CL

- 2 -

## SERVICE

1.     **THIS COURT ORDERS** that the time for service and filing of the Notice of Application and the Application Record is hereby abridged and validated so that this Application is properly returnable today and hereby dispenses with further service thereof.

## APPLICATION

2.     **THIS COURT ORDERS AND DECLARES** that the Applicants are companies to which the CCAA applies.

## POSSESSION OF PROPERTY AND OPERATIONS

3.     **THIS COURT ORDERS** that the Applicants shall remain in possession and control of their current and future assets, undertakings and properties of every nature and kind whatsoever, and wherever situate including all proceeds thereof (the "**Property**"). Subject to further Order of this Court, the Applicants shall continue to carry on business in a manner consistent with the preservation of their businesses (the "**Business**") and Property. The Applicants are authorized and empowered to continue to retain and employ the employees, contractors, consultants, agents, experts, accountants, advisors, counsel and such other persons (collectively "**Assistants**") currently retained or employed by them, with liberty to retain such further Assistants as they deem reasonably necessary or desirable in the ordinary course of business, to preserve the value of the Property or for the carrying out of the terms of this Order.

4.     **THIS COURT ORDERS** that the Applicants shall be entitled to continue to utilize the central cash management system currently in place or, with the consent of the Monitor, replace it with another substantially similar central cash management system (the "**Cash Management System**") and that any present or future bank providing the Cash Management System shall not be under any obligation whatsoever to inquire into the propriety, validity or legality of any transfer, payment, collection or other action taken under the Cash Management System, or as to the use or application by the Applicants of funds transferred, paid, collected or otherwise dealt with in the Cash Management System, shall be entitled to provide the Cash Management System without any liability in respect thereof to any Person (as hereinafter defined) other than the Applicants, pursuant to the terms of the documentation applicable to the Cash Management System, and shall be, in its capacity as provider of the Cash Management System, an unaffected

ATTEST QUE DE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVETUE DU
SCEAU DE LA COUR SUPERIEURE
DE JUSTICE LA COUR SUPERIEURE
DE JUSTICE A TORONTO, EST UNE
CONSERVE DANS CE BUREAU
DATED AT TORONTO THIS 14 DAY OF May 20 25
FAIT À TORONTO LE                JOUR DE
Maggie Sawka
REGISTRAR                              GREFFIER

Electronically issued / Délivré par voie électronique : 14-May-2025
Toronto Superior Court of Justice / Cour supérieure de justice

- 3 -

creditor under any plan of compromise or arrangement (a "**Plan**") with regard to any claims or expenses it may suffer or incur in connection with the provision of the Cash Management System.

5.      **THIS COURT ORDERS** that the Applicants shall be entitled but not required to pay the following expenses whether incurred prior to, on or after the date of this Order:

(a)      all outstanding and future wages, salaries, contract amounts, employee and pension benefits, vacation pay and expenses (including, without limitation, in respect of expenses charged by employees to corporate credit cards) payable on or after the date of this Order, in each case incurred in the ordinary course of business and consistent with existing compensation policies and arrangements; and

(b)      the fees and disbursements of any Assistants retained or employed by the Applicants in respect of these proceedings, at their standard rates and charges.

6.      **THIS COURT ORDERS** that, except as otherwise provided to the contrary herein, the Applicants shall be entitled but not required to pay all reasonable expenses incurred by the Applicants in carrying on the Business in the ordinary course after this Order, and in carrying out the provisions of this Order, which expenses shall include, without limitation:

(a)      all expenses and capital expenditures reasonably necessary for the preservation of the Property or the Business including, without limitation, payments on account of insurance (including directors and officers insurance), maintenance and security services;

(b)      expenses required to ensure compliance with any governmental or regulatory rules, orders or directions; and

(c)      payment for goods or services actually supplied to the Applicants following the date of this Order.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE À TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS    14    DAY OF    May    20 25
FAIT À TORONTO LE           JOUR DE

REGISTRAR                              Maggie Sawka                    GREFFIER

Electronically issued / Délivré par voie électronique : 14-May-2025
Toronto Superior Court of Justice / Cour supérieure de justice

- 4 -

7.    **THIS COURT ORDERS** that the Applicants shall remit, in accordance with legal
requirements, or pay:

(a)    any statutory deemed trust amounts in favour of the Crown in right of Canada or of
any Province thereof or any other taxation authority which are required to be
deducted from employees' wages, including, without limitation, amounts in respect of
(i) employment insurance, (ii) Canada Pension Plan, (iii) income taxes, and (iv)
statutory deductions in the United States, and all other amounts related to such
deductions or employee wages payable for periods following the date of this Order
pursuant to the *Income Tax Act*, the *Canada Pension Plan*, the *Employment Insurance
Act* or similar provincial statutes;

(b)    all goods and services or other applicable sales taxes (collectively, "**Sales Taxes**")
required to be remitted by the Applicants in connection with the sale of goods and
services by the Applicants, but only where such Sales Taxes are accrued or collected
after the date of this Order, or where such Sales Taxes were accrued or collected prior
to the date of this Order but not required to be remitted until on or after the date of
this Order; and

(c)    any amount payable to the Crown in right of Canada or of any Province thereof or
any political subdivision thereof or any other taxation authority in respect of
municipal realty, municipal business or other taxes, assessments or levies of any
nature or kind which are entitled at law to be paid in priority to claims of secured
creditors and which are attributable to or in respect of the carrying on of the Business
by the Applicants.

8.    **THIS COURT ORDERS** that until a real property lease is disclaimed in accordance
with the CCAA, the Applicants shall pay all amounts constituting rent or payable as rent under
real property leases (including, for greater certainty, common area maintenance charges, utilities
and realty taxes and any other amounts payable to the landlord under the lease) or as otherwise
may be negotiated between the Applicants and the landlord from time to time ("**Rent**"), for the
period commencing from and including the date of this Order, twice-monthly in equal payments
on the first and fifteenth day of each month, in advance (but not in arrears), or, at the election of
the applicable Applicant, at such intervals as such Rent is usually paid pursuant to the applicable

LA PRÉSENT ATTESTE QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE À TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVÉ DANS CE BUREAU

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

DATED AT TORONTO THIS 14 DAY OF May 20 25
FAIT À TORONTO LE        JOUR DE

Maggie Sawka

REGISTRAR        GREFFIER

Electronically issued / Délivré par voie électronique : 14-May-2025
Toronto Superior Court of Justice / Cour supérieure de justice

- 5 -

lease. On the date of the first of such payments, any Rent relating to the period commencing from and including the date of this Order shall also be paid.

9.      **THIS COURT ORDERS** that, except as specifically permitted herein, the Applicants are hereby directed, until further Order of this Court: (a) to make no payments of principal, interest thereon or otherwise on account of amounts owing by the Applicants to any of their creditors as of this date; (b) to grant no security interests, trust, liens, charges or encumbrances upon or in respect of any of their Property; and (c) to not grant credit or incur liabilities except in the ordinary course of the Business.

**RESTRUCTURING**

10.     **THIS COURT ORDERS** that the Applicants shall, subject to such requirements as are imposed by the CCAA, have the right to:

(a)     terminate the employment of such of their employees or temporarily lay off such of their employees as it deems appropriate; and

(b)     pursue all avenues of refinancing or selling their Business or Property, in whole or part, subject to prior approval of this Court being obtained before any material refinancing or sale,

all of the foregoing to permit the Applicants to proceed with an orderly restructuring of the Business (the "**Restructuring**").

11.     **THIS COURT ORDERS** that the Applicants shall provide each of the relevant landlords with notice of the Applicants' intention to remove any fixtures from any leased premises at least seven (7) days prior to the date of the intended removal. The relevant landlord shall be entitled to have a representative present in the leased premises to observe such removal and, if the landlord disputes the Applicants' entitlement to remove any such fixture under the provisions of the lease, such fixture shall remain on the premises and shall be dealt with as agreed between any applicable secured creditors, such landlord and the Applicants, or by further Order of this Court upon application by the Applicants on at least two (2) days notice to such landlord and any such secured creditors. If any of the Applicants disclaim the lease governing such leased premises in accordance with Section 32 of the CCAA, it shall not be required to pay Rent under such lease.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE À TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 14 DAY OF May 20 25
FAIT À TORONTO LE      JOUR DE

REGISTRAR      Maggie Sawka
GREFFIER

Electronically issued / Délivré par voie électronique : 14-May-2025
Toronto Superior Court of Justice / Cour supérieure de justice

- 6 -

pending resolution of any such dispute (other than Rent payable for the notice period provided for in Section 32(5) of the CCAA), and the disclaimer of the lease shall be without prejudice to the Applicants' claims to the fixtures in dispute.

12.     **THIS COURT ORDERS** that if a notice of disclaimer is delivered pursuant to Section 32 of the CCAA, then (a) during the notice period prior to the effective time of the disclaimer, the landlord may show the affected leased premises to prospective tenants during normal business hours, on giving the Applicants and the Monitor 24 hours' prior written notice, and (b) at the effective time of the disclaimer, the relevant landlord shall be entitled to take possession of any such leased premises without waiver of or prejudice to any claims or rights such landlord may have against the Applicants in respect of such lease or leased premises, provided that nothing herein shall relieve such landlord of its obligation to mitigate any damages claimed in connection therewith.

**NO PROCEEDINGS AGAINST THE APPLICANTS OR THE PROPERTY**

13.     **THIS COURT ORDERS** that until and including May 22, 2025 or such later date as this Court may order (the "**Stay Period**"), no proceeding or enforcement process in any court or tribunal (each, a "**Proceeding**") shall be commenced or continued against or in respect of the Applicants or the Monitor or their respective employees, advisors or representatives acting in such capacities, or affecting the Business or the Property (including, for greater certainty, any process or steps or other rights and remedies under or relating to any class action proceeding against any of the Applicants or in respect of the Property), except with the written consent of the Applicants and the Monitor, or with leave of this Court, and any and all Proceedings currently under way against or in respect of the Applicants or their respective employees, advisors or representatives acting in such capacities or affecting the Business or the Property are hereby stayed and suspended pending further Order of this Court.

14.     **THIS COURT ORDERS** that, to the extent any prescription, time or limitation period relating to any Proceeding against or in respect of any of the Applicants that is stayed pursuant to this Order may expire, the term of such prescription, time or limitation period shall hereby be deemed to be extended for a period equal to the Stay Period.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

DATED AT TORONTO THIS 14 DAY OF ____ 20 25

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

FAIT A TORONTO LE ____ JOUR DE ____ 20 ____

REGISTRAR                    GREFFIER

Maggie Sawka

Electronically issued / Délivré par voie électronique : 14-May-2025
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-25-00743053-00CL

- 7 -

**NO EXERCISE OF RIGHTS OR REMEDIES**

15.    **THIS COURT ORDERS** that during the Stay Period, all rights and remedies of any individual, firm, corporation, governmental body or agency, or any other entities (all of the foregoing, collectively being "**Persons**" and each being a "**Person**") against or in respect of the Applicants or the Monitor, or their respective employees, advisors or representatives acting in such capacities, or affecting the Business or the Property, are hereby stayed and suspended except with the written consent of the Applicants and the Monitor, or leave of this Court, provided that nothing in this Order shall (i) empower the Applicants to carry on any business which the Applicants are not lawfully entitled to carry on, (ii) affect such investigations, actions, suits or proceedings by a regulatory body as are permitted by Section 11.1 of the CCAA, (iii) prevent the filing of any registration to preserve or perfect a security interest, or (iv) prevent the registration of a claim for lien.

**NO INTERFERENCE WITH RIGHTS**

16.    **THIS COURT ORDERS** that during the Stay Period, no Person shall accelerate, suspend, discontinue, fail to honour, alter, interfere with, repudiate, rescind, terminate or cease to perform any right, renewal right, contract, agreement, lease, sublease, licence authorization or permit in favour of or held by the Applicants, except with the written consent of the Applicants and the Monitor, or leave of this Court.

**CONTINUATION OF SERVICES**

17.    **THIS COURT ORDERS** that during the Stay Period, all Persons having oral or written agreements with the Applicants or statutory or regulatory mandates for the supply of goods and/or services, including without limitation all computer software, communication and other data services, centralized banking services, payroll services, insurance, transportation services, utility or other services to the Business or the Applicants, are hereby restrained until further Order of this Court from discontinuing, altering, interfering with or terminating the supply of such goods or services as may be required by the Applicants, and that the Applicants shall be entitled to the continued use of their current premises, telephone numbers, facsimile numbers, internet addresses and domain names, provided in each case that the normal prices or charges for all such goods or services received after the date of this Order are paid by the Applicants in

THIS IS TO CERTIFY THAT THIS
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE
CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS  14  DAY OF  May  20 25
FAIT A TORONTO LE               JOUR DE

REGISTRAR                        GREFFIER

Maggie Sawka

Electronically issued / Délivré par voie électronique : 14-May-2025
Toronto Superior Court of Justice / Cour supérieure de justice

accordance with normal payment practices of the Applicants or such other practices as may be agreed upon by the supplier or service provider and each of the Applicants and the Monitor, or as may be ordered by this Court.

**NO PRE-FILING VS POST-FILING SET OFF**

18.     **THIS COURT ORDERS** that no Person shall be entitled to set off any amounts that: (a) are or may become due to the Applicants in respect of obligations arising prior to the date of the Initial Order with any amounts that are or may become due from the Applicants in respect of obligations arising on or after the date of the Initial Order; or (b) are or may become due from the Applicants in respect of obligations arising prior to the date of the Initial Order with any amounts that are or may become due to the Applicants in respect of obligations arising on or after the date of the Initial Order, in each case without the consent of the Applicants and the Monitor, or with leave of this Court.

**NON-DEROGATION OF RIGHTS**

19.     **THIS COURT ORDERS** that, notwithstanding anything else in this Order, no Person shall be prohibited from requiring immediate payment for goods, services, use of leased or licensed property or other valuable consideration provided on or after the date of this Order, nor shall any Person be under any obligation on or after the date of this Order to advance or re-advance any monies or otherwise extend any credit to the Applicants. Nothing in this Order shall derogate from the rights conferred and obligations imposed by the CCAA.

**PROCEEDINGS AGAINST DIRECTORS AND OFFICERS**

20.     **THIS COURT ORDERS** that during the Stay Period, and except as permitted by subsection 11.03(2) of the CCAA, no Proceeding may be commenced or continued against any of the former, current or future directors or officers of the Applicants with respect to any claim against the directors or officers that arose before the date hereof and that relates to any obligations of the Applicants whereby the directors or officers are alleged under any law to be liable in their capacity as directors or officers for the payment or performance of such obligations, until a Plan in respect of the Applicants, if one is filed, is sanctioned by this Court or is refused by the creditors of the Applicants or this Court.

WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

DATED AT TORONTO THIS _14_ DAY OF _May_ 20 _25_

REGISTRAR

DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPERIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

FAIT A TORONTO LE

JOUR DE

Maggie Sawka

Electronically issued / Délivré par voie électronique : 14-May-2025
Toronto Superior Court of Justice / Cour supérieure de justice

- 9 -

## DIRECTORS' AND OFFICERS' INDEMNIFICATION AND CHARGE

21.    **THIS COURT ORDERS** that the Applicants shall indemnify their current and future directors and officers, the CRO (as defined below) and the CFO (as defined below) against obligations and liabilities that they may incur as directors or officers of the Applicants after the commencement of the within proceedings, except to the extent that, with respect to any officer or director, the obligation or liability was incurred as a result of the director's or officer's gross negligence or wilful misconduct.

22.    **THIS COURT ORDERS** that the current and future directors and officers of the Applicants, the CRO and the CFO shall be entitled to the benefit of and are hereby granted a charge (the "**Directors' Charge**") on the Property, which charge shall not exceed an aggregate amount of USD $450,000, as security for the indemnity provided in paragraph 21 of this Order. The Directors' Charge shall have the priority set out in paragraphs 47 and 49 herein.

23.    **THIS COURT ORDERS** that, notwithstanding any language in any applicable insurance policy to the contrary, (a) no insurer shall be entitled to be subrogated to or claim the benefit of the Directors' Charge, and (b) the Applicants' directors and officers shall only be entitled to the benefit of the Directors' Charge to the extent that they do not have coverage under any directors' and officers' insurance policy, or to the extent that such coverage is insufficient to pay amounts indemnified in accordance with paragraph 21 of this Order.

## APPOINTMENT OF MONITOR

24.    **THIS COURT ORDERS** that A&M is hereby appointed pursuant to the CCAA as the Monitor, an officer of this Court, to monitor the business and financial affairs of the Applicants with the powers and obligations set out in the CCAA or set forth herein and that the Applicants and their shareholders, officers, directors, and Assistants shall advise the Monitor of all material steps taken by the Applicants pursuant to this Order, and shall co-operate fully with the Monitor in the exercise of its powers and discharge of its obligations and provide the Monitor with the assistance that is necessary to enable the Monitor to adequately carry out the Monitor's functions.

25.    **THIS COURT ORDERS** that the Monitor, in addition to its prescribed rights and obligations under the CCAA, is hereby directed and empowered to:

I HEREBY CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

DATED AT TORONTO THIS 14 DAY OF May 20 25

REGISTRAR

JE CERTIFIE QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE À TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVÉ DANS CE BUREAU

FAIT À TORONTO LE    JOUR DE

GREFFIER

Maggie Sawka

Electronically issued / Délivré par voie électronique : 14-May-2025
Toronto Superior Court of Justice / Cour supérieure de justice

- 10 -

(a)     monitor the Applicants' receipts and disbursements;

(b)     review and approve Intercompany Advances (as defined below);

(c)     report to this Court at such times and intervals as the Monitor may deem appropriate with respect to matters relating to the Property, the Business, and such other matters as may be relevant to the proceedings herein;

(d)     advise the Applicants in the preparation of the Applicants' cash flow statements, which information shall be reviewed with the Monitor;

(e)     have full and complete access to the Property, including the premises, books, records, data, including data in electronic form, and other financial documents of the Applicants, wherever located, to the extent that is necessary to adequately assess the Applicants' business and financial affairs or to perform its duties arising under this Order;

(f)     be at liberty to engage independent legal counsel or such other persons as the Monitor deems necessary or advisable respecting the exercise of its powers and performance of its obligations under this Order; and

(g)     perform such other duties as are required by this Order, such other orders of the Court, or as otherwise required by this Court from time to time.

26.     **THIS COURT ORDERS** that the Monitor shall not take possession of the Property and shall take no part whatsoever in the management or supervision of the management of the Business and shall not, by fulfilling its obligations hereunder, be deemed to have taken or maintained possession or control of the Business or Property, or any part thereof.

27.     **THIS COURT ORDERS** that nothing herein contained shall require the Monitor to occupy or to take control, care, charge, possession or management (separately and/or collectively, "**Possession**") of any of the Property that might be environmentally contaminated, might be a pollutant or a contaminant, or might cause or contribute to a spill, discharge, release or deposit of a substance contrary to any federal, provincial or other law respecting the protection, conservation, enhancement, remediation or rehabilitation of the environment or

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS  14  DAY OF  May  20 25
FAIT A TORONTO LE  ___  JOUR DE  ___

REGISTRAR
GREFFIER

Maggie Sawka

Electronically issued / Délivré par voie électronique : 14-May-2025
Toronto Superior Court of Justice / Cour supérieure de justice

- 11 -

relating to the disposal of waste or other contamination including, without limitation, the
*Canadian Environmental Protection Act*, the Ontario *Environmental Protection Act*, the *Ontario
Water Resources Act*, or the Ontario *Occupational Health and Safety Act* and regulations
thereunder (the "**Environmental Legislation**"), provided however that nothing herein shall
exempt the Monitor from any duty to report or make disclosure imposed by applicable
Environmental Legislation. The Monitor shall not, as a result of this Order or anything done in
pursuance of the Monitor's duties and powers under this Order, be deemed to be in Possession of
any of the Property within the meaning of any Environmental Legislation, unless it is actually in
possession.

28.    **THIS COURT ORDERS** that the Monitor shall provide any creditor of the Applicants
with information provided by the Applicants in response to reasonable requests for information
made in writing by such creditor addressed to the Monitor. The Monitor shall not have any
responsibility or liability with respect to the information disseminated by it pursuant to this
paragraph. In the case of information that the Monitor has been advised by the Applicants is
confidential, the Monitor shall not provide such information to creditors unless otherwise
directed by this Court or on such terms as the Monitor and the Applicants may agree.

29.    **THIS COURT ORDERS** that, in addition to the rights and protections afforded the
Monitor under the CCAA or as an officer of this Court, the Monitor shall incur no liability or
obligation as a result of its appointment or the carrying out of the provisions of this Order, save
and except for any gross negligence or wilful misconduct on its part. Nothing in this Order shall
derogate from the protections afforded the Monitor by the CCAA or any applicable legislation.

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

LA PRÉSENT ATTESTE QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE À TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS   14   DAY OF   May   20 25
FAIT À TORONTO LE           JOUR DE

REGISTRAR                                    GREFFIER

Maggie Sawka

Electronically issued / Délivré par voie électronique : 14-May-2025
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-25-00743053-00CL

- 12 -

## APPROVAL OF CRO AND CFO ENGAGEMENTS

30.     **THIS COURT ORDERS** that the agreement dated as of April 28, 2025 pursuant to which the Applicants have engaged BlueTree Advisors Inc. ("**BlueTree**") to provide the services of William E. Aziz to act as Chief Restructuring Officer of the Applicants ("**CRO**") and provide certain financial advisory and consulting services to the Applicants, a copy of which is attached as Exhibit "N" to the Kochhar Affidavit (the "**CRO Engagement Letter**"), the agreement dated as of April 28, 2025 pursuant to which the Applicants have engaged Michelle T. Faysal as interim Chief Financial Officer of the Applicants ("**CFO**"), a copy of which is attached as Exhibit "O" to the Kochhar Affidavit (the "**CFO Engagement Letter**"), the execution of the CRO Engagement Letter and the CFO Engagement Letter by the Applicants, *nunc pro tunc*, and the appointment of the CRO and the CFO pursuant to the terms thereof is hereby approved, including, without limitation, the payment of the fees and expenses contemplated thereby including, for the avoidance of doubt, the "Restructuring Fee" (as defined in the CRO Engagement Letter).

31.     **THIS COURT ORDERS** that the CRO and the CFO shall not be or be deemed to be a director, *de facto* director or employee of the Applicants or any of their respective subsidiaries or affiliates.

32.     **THIS COURT ORDERS** that neither BlueTree, the CRO nor the CFO shall, as a result of the performance of their respective obligations and duties in accordance with the terms of the CRO Engagement Letter or CFO Engagement Letter, as applicable, be deemed to be in Possession of any of the Property that might be environmentally contaminated, might be a pollutant or a contaminant, or might cause or contribute to a spill, discharge, release or deposit of a substance contrary to the Environmental Legislation, however, if BlueTree, the CRO or the CFO are nevertheless later found to be in Possession of any Property, then BlueTree, the CRO or the CFO, as applicable, shall be entitled to the benefits and protections in relation to the Applicants and such Property as are provided to a monitor under Section 11.8(3) of the CCAA, provided however that nothing herein shall exempt the BlueTree, the CRO or the CFO from any duty to report or make disclosure imposed by applicable Environmental Legislation.

33.     **THIS COURT ORDERS** that BlueTree, the CRO and the CFO shall not have any liability with respect to any losses, claims, damages or liabilities, of any nature or kind, to any

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE À TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS 14 DAY OF May 20 25
FAIT À TORONTO LE              JOUR DE

REGISTRAR              GREFFIER

Maggie Sawka

Electronically issued / Délivré par voie électronique : 14-May-2025
Toronto Superior Court of Justice / Cour supérieure de justice

Person from and after the dated of this Order except to the extent such losses, claims, damages or liabilities result from the gross negligence or wilful misconduct on the part of the CRO or CFO.

34.    **THIS COURT ORDERS** that no Proceeding shall be commenced directly, or by way of counterclaim, third party claim or otherwise, against or in respect of BlueTree, the CRO or the CFO, and all rights and remedies of any Person against or in respect of them are hereby stayed and suspended, except with the written consent of the CRO or the CFO, as applicable, or with leave of this Court on notice to the Applicant, the Monitor, the CRO and the CFO, as applicable. Notice of any such motion seeking leave of this Court shall be served upon the Applicants, the Monitor, the CRO and the CFO, as applicable, at least seven (7) days prior to the return date of any such motion for leave.

35.    **THIS COURT ORDERS** that the obligations of the Applicants to BlueTree and the CRO and the CFO pursuant to the CRO Engagement Letter and the CFO Engagement Letter, as applicable, shall be treated as unaffected and may not be compromised in any Plan or in any other proceeding commenced under the CCAA, the *Bankruptcy and Insolvency Act*, RSC 1985, c. B-3, as amended (the "**BIA**") or the *United States Bankruptcy Code*, 11 U.S.C. §§101-1330, as amended (the "**US Bankruptcy Code**") in respect of the Applicants.

## APPROVAL OF FINANCIAL ADVISOR AND MAPLEBRIAR ENGAGEMENTS

36.    **THIS COURT ORDERS** that the agreement dated as of May 8, 2025 pursuant to which the Applicants have engaged Alvarez & Marsal Canada Securities ULC (the "**Financial Advisor**") to assist the Applicants in evaluating and pursuing one or more potential sale transactions, a copy of which is attached as Exhibit "Q" to the Kochhar Affidavit (the "**Financial Advisor Engagement Letter**"), the agreement dated as of May 1, 2025 pursuant to which the Applicants have engaged Maplebriar Holdings Inc. ("**Maplebriar**") to provide the services of Ajay Kochhar to assist the Applicants in pursuing one or more potential sale transactions, a copy of which is attached as Exhibit "P" to the Kochhar Affidavit (the "**Maplebriar Engagement Letter**"), and the execution of the Financial Advisor Engagement Letter and the Maplebriar Engagement Letter by the Applicants, *nunc pro tunc*, is hereby approved, including, without limitation, the payment of the fees and expenses contemplated thereby including, for the avoidance of doubt, the "Restructuring Fees" (as defined in the Maplebriar Engagement Letter)

Maggie Sawka

Electronically issued / Délivré par voie électronique : 14-May-2025
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-25-00743053-00CL

- 14 -

37.     **THIS COURT ORDERS** that the Financial Advisor and Maplebriar shall not be or be deemed to be a director, *de facto* director or employee of the Applicants or any of their respective subsidiaries or affiliates.

38.     **THIS COURT ORDERS** that the Financial Advisor and Maplebriar shall not have any liability with respect to any losses, claims, damages or liabilities, of any nature or kind, to any Person from and after the date of this Order except to the extent such losses, claims, damages or liabilities result from the gross negligence or wilful misconduct on the part of the Financial Advisor or Maplebriar, as applicable.

39.     **THIS COURT ORDERS** that no Proceeding shall be commenced directly, or by way of counterclaim, third party claim or otherwise, against or in respect of the Financial Advisor or Maplebriar, and all rights and remedies of any Person against or in respect of them are hereby stayed and suspended, except with the written consent of the Financial Advisor or Maplebriar, as applicable, or with leave of this Court on notice to the Applicants, the Monitor, the Financial Advisor and Maplebriar, as applicable. Notice of any such motion seeking leave of this Court shall be served upon the Applicants, the Monitor, the Financial Advisor and Maplebriar, as applicable, at least seven (7) days prior to the return date of any such motion for leave.

40.     **THIS COURT ORDERS** that the obligations of the Applicants to the Financial Advisor and Maplebriar pursuant to the Financial Advisor Engagement Letter and Maplebriar Engagement Letter, as applicable, shall be treated as unaffected and may not be compromised in any Plan or in any other proceeding commenced under the CCAA, the BIA or the US Bankruptcy Code in respect of the Applicants.

**ADMINISTRATION CHARGE**

41.     **THIS COURT ORDERS** that the Monitor, counsel to the Monitor in Canada and the United States (collectively, the "**Monitor Counsel**"), the CRO, the CFO, the Financial Advisor, Maplebriar, and counsel to the Applicants in Canada and the United States (collectively, the "**Applicants Counsel**") shall be paid their reasonable fees and disbursements, in each case at their standard rates and charges, and in the case of the CRO in accordance with the CRO Engagement Letter, and in the case of the CFO in accordance with the CFO Engagement Letter, and in the case of the Financial Advisor in accordance with the Financial Advisor Engagement

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS  14  DAY OF  May  20 25
FAIT À TORONTO LE        JOUR DE

REGISTRAR        Maggie Sawka        GREFFIER

Electronically issued / Délivré par voie électronique : 14-May-2025
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-25-00743053-00CL

- 15 -

Letter, and in the case of Maplebriar in accordance with the Maplebriar Engagement Letter, whether incurred prior to, on, or after the date of this Order, by the Applicants as part of the costs of these proceedings. The Applicants are hereby authorized and directed to pay the accounts of the Monitor, the Monitor Counsel, the Financial Advisor and the Applicants Counsel on a weekly basis or pursuant to such other arrangements agreed to between the Applicants and such parties and, in addition, the Applicants are hereby authorized to pay to the Monitor, the Monitor Counsel, and the Applicants Counsel, retainers, *nunc pro tunc*, to be held by them as security for payment of their respective fees and disbursements outstanding from time to time.

42.     **THIS COURT ORDERS** that the Monitor and its Canadian legal counsel shall pass their accounts from time to time, and for this purpose the accounts of the Monitor and its Canadian legal counsel are hereby referred to a judge of the Commercial List of the Ontario Superior Court of Justice.

43.     **THIS COURT ORDERS** that the Monitor, the Monitor Counsel, the CRO (solely for the "Work Fee" as defined and set out in the CRO Engagement Letter), the Financial Advisor, the CFO and the Applicants Counsel shall be entitled to the benefit of and are hereby granted a charge (the "**Administration Charge**") on the Property, which charge shall not exceed an aggregate amount of USD $2 million, as security for their professional fees and disbursements incurred at their standard rates and charges, and in the case of the CRO in accordance with the CRO Engagement Letter, and in the case of the Financial Advisor in accordance with the Financial Advisor Engagement Letter, and in the case of the CFO in accordance with the CFO Engagement Letter, both before and after the making of this Order in respect of these proceedings. The Administration Charge shall have the priority set out in paragraphs 47 and 49 hereof.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE À TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 14 DAY OF May 2025
FAIT A TORONTO LE        JOUR DE

REGISTRAR                Maggie Sawka
                         GREFFIER

Electronically issued / Délivré par voie électronique : 14-May-2025
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe:** CV-25-00743053-00CL

- 16 -

## INTERCOMPANY FINANCING

44.     **THIS COURT ORDERS** that each of the Applicants (each, an "**Intercompany Lender**") is authorized to loan to each of the other Applicants (each, an "**Intercompany Borrower**"), and each Intercompany Borrower is authorized to borrow, repay and re-borrow, such amounts from time to time as the Intercompany Borrower, with the approval of the Monitor, considers necessary or desirable on a revolving basis to fund its ongoing expenditures and to pay such other amounts as are permitted by the terms of this Order (the "**Intercompany Advances**") up to an aggregate of USD $1 million (subject to increase in accordance with further Order of this Court), on terms consistent with existing arrangements or past practice or otherwise approved by the Monitor.

45.     **THIS COURT ORDERS** that each Intercompany Lender shall be entitled to the benefit of and is hereby granted a charge (the "**Intercompany Charge**") on all of the Property of each Intercompany Borrower, as security for the Intercompany Advances made to such Intercompany Borrower, which Intercompany Charge shall not secure an obligation that exists before the date of this Order. The Intercompany Charge shall have the priority set out in paragraphs 47 and 49 hereof.

46.     **THIS COURT ORDERS AND DECLARES** that each Intercompany Lender shall be treated as unaffected and may not be compromised in any Plan or in any other proceeding commenced under the CCAA, the BIA or the US Bankruptcy Code in respect of the Applicants, with respect to any Intercompany Advances made on or after the date of this Order.

## VALIDITY AND PRIORITY OF CHARGES CREATED BY THIS ORDER

47.     **THIS COURT ORDERS** that the priorities of the Administration Charge, the Directors' Charge, and the Intercompany Charge (collectively, the "**Charges**"), as among them with respect to any Property to which they apply, shall be as follows:

First – Administration Charge (to the maximum amount of USD $2 million);

Second – Directors' Charge (to the maximum amount of USD $450,000); and

Third – Intercompany Charge (to the maximum amount of USD $1 million).

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE À TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS   14   DAY OF   May   20 25
FAIT À TORONTO LE              JOUR DE

REGISTRAR                                        Maggie Sawka

Electronically issued / Délivré par voie électronique : 14-May-2025
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-25-00743053-00CL

- 17 -

48.     **THIS COURT ORDERS** that the filing, registration or perfection of the Charges shall not be required, and that the Charges shall be valid and enforceable for all purposes, including as against any right, title or interest filed, registered, recorded or perfected subsequent to the Charges coming into existence, notwithstanding any such failure to file, register, record or perfect.

49.     **THIS COURT ORDERS** that each of the Charges (all as constituted and defined herein) shall constitute a charge on the Property and such Charges shall rank in priority to all other security interests, trusts, liens, charges, encumbrances and claims of secured creditors, statutory or otherwise (collectively, "**Encumbrances**") in favour of any Person, provided that the Charges shall rank behind Encumbrances in favour of any Persons that have not been served with notice of this application.

50.     **THIS COURT ORDERS** that except as otherwise expressly provided for herein, or as may be approved by this Court, the Applicants shall not grant any Encumbrances over any Property that rank in priority to, or *pari passu* with, any of the Charges, unless the Applicants also obtain the prior written consent of the Monitor and the beneficiaries of the Charges, or further Order of this Court.

51.     **THIS COURT ORDERS** that the Charges shall not be rendered invalid or unenforceable and the rights and remedies of the chargees entitled to the benefit of the Charges (collectively, the "**Chargees**") thereunder shall not otherwise be limited or impaired in any way by (a) the pendency of these proceedings and the declarations of insolvency made herein; (b) any application(s) for bankruptcy order(s) issued pursuant to the BIA, or any bankruptcy order made pursuant to such applications; (c) the filing of any assignments for the general benefit of creditors made pursuant to the BIA; (d) the provisions of any federal or provincial statutes; or (e) any negative covenants, prohibitions or other similar provisions with respect to borrowings, incurring debt or the creation of Encumbrances, contained in any existing loan documents, lease, sublease, offer to lease or other agreement (collectively, an "**Agreement**") which binds the Applicants, and notwithstanding any provision to the contrary in any Agreement:

(a)     the creation of the Charges shall not create or be deemed to constitute a breach by the Applicants of any Agreement to which it is a party;

Electronically issued / Délivré par voie électronique : 14-May-2025
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-25-00743053-00CL

- 18 -

(b)    none of the Chargees shall have any liability to any Person whatsoever as a result of any breach of any Agreement caused by or resulting from the creation of the Charges; and

(c)    the payments made by the Applicants pursuant to this Order and the granting of the Charges do not and will not constitute preferences, fraudulent conveyances, transfers at undervalue, oppressive conduct, or other challengeable or voidable transactions under any applicable law.

52.    **THIS COURT ORDERS** that any Charge created by this Order over leases of real property in Canada shall only be a Charge in the Applicants' interest in such real property leases.

**RELIEF FROM REPORTING OBLIGATIONS**

53.    **THIS COURT ORDERS** that the decision by the Applicants to incur no further expenses for the duration of the Stay Period in relation to any filings (including financial statements), disclosures, core or non-core documents and press releases (collectively, the "**Securities Filings**") that may be required by any federal, state, provincial or other law respecting securities or capital markets in Canada or the United States, or by the rules and regulations of an over the counter market, including, without limitation, the *Securities Act* (Ontario) and comparable statutes enacted by other provinces of Canada, the *Securities Act of 1933* (United States) and the *Securities Exchange Act of 1934* (United States) and comparable statutes enacted by individual states of the United States, and the rules of OTCQX and the Financial Industry Regulatory Authority and other rules, regulations and policies of OTCQX (collectively, the "**Securities Provisions**"), is hereby authorized, provided that nothing in this paragraph shall prohibit any securities regulator or over the counter market from taking any action or exercising any discretion that it may have of a nature described in section 11.1(2) of the CCAA as a consequence of the Applicants failing to make any Securities Filings required by the Securities Provisions.

54.    **THIS COURT ORDERS** that none of the directors, officers, employees, and other representatives of the Applicants, nor the CRO (and its directors, officers, employees and representatives), the CFO or the Monitor (and its directors, officers, employees and representatives), shall have any personal liability for any failure by the Applicants to make any

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE LE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS    14    DAY OF    May    20 25
FAIT À TORONTO LE            JOUR DE

REGISTRAR                    Maggie Sawka

Electronically issued / Délivré par voie électronique : 14-May-2025
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-25-00743053-00CL

- 19 -

Securities Filings required by the Securities Provisions during the Stay Period, provided that nothing in this paragraph shall prohibit any securities regulator, stock exchange or over the counter market from taking any action or exercising any discretion that it may have against the directors, officers, employees and other representatives of the Applicants of a nature described in section 11.1(2) of the CCAA as a consequence of such failure by the Applicants. For greater certainty, nothing in this order is intended to or shall encroach on the jurisdiction of any securities regulatory authorities (the "**Regulators**") in the matter of regulating the conduct of market participants and to issue cease trade orders if and when required pursuant to applicable securities law. Further, nothing in this Order shall constitute or be construed as an admission by the Regulators that the court has jurisdiction over matters that are within the exclusive jurisdiction of the Regulators under the Securities Provisions.

**SERVICE AND NOTICE**

55.    **THIS COURT ORDERS** that the Monitor shall (i) without delay, publish in the Globe and Mail (National Edition) a notice containing the information prescribed under the CCAA, (ii) within five days after the date of this Order, (A) make this Order publicly available in the manner prescribed under the CCAA, (B) send, or cause to be sent, in the prescribed manner or by electronic message to the e-mail address as last shown on the records of the Applicants, a notice to every known creditor who has a claim against the Applicants of more than $1,000, and (C) prepare a list showing the names and addresses of those creditors and the estimated amounts of those claims, and make it publicly available in the prescribed manner, all in accordance with Section 23(1)(a) of the CCAA and the regulations made thereunder, provided that the Monitor shall not make the claim amounts, names and addresses of any individuals who are creditors publicly available.

56.    **THIS COURT ORDERS** that the Monitor shall create, maintain and update as necessary a list of all Persons appearing in person or by counsel in this proceeding (the "**Service List**"). The Monitor shall post the Service List, as may be updated from time to time, on the Monitor's website as part of the public materials to be recorded thereon in relation to this proceeding. Notwithstanding the foregoing, the Monitor shall haven no liability in respect of the accuracy of or the timeliness of making any changes to the Service List.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTESTE QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 14 DAY OF May 20 25
FAIT A TORONTO LE        JOUR DE

REGISTRAR

Maggie Sawka

Electronically issued / Délivré par voie électronique : 14-May-2025
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-25-00743053-00CL

- 20 -

57.     **THIS COURT ORDERS** that the E-Service Protocol of the Commercial List (the "**Protocol**") is approved and adopted by reference herein and, in this proceeding, the service of documents made in accordance with the Protocol (which can be found on the Commercial List website at https://www.ontariocourts.ca/scj/practice/regional-practice-directions/eservice-commercial/) shall be valid and effective service. Subject to Rule 17.05 this Order shall constitute an order for substituted service pursuant to Rule 16.04 of the Rules of Civil Procedure. Subject to Rule 3.01(d) of the Rules of Civil Procedure and paragraph 21 of the Protocol, service of documents in accordance with the Protocol will be effective on transmission. This Court further orders that a Case Website shall be established in accordance with the Protocol with the following URL: www.alvarezandmarsal.com/LiCycle.

58.     **THIS COURT ORDERS** that if the service or distribution of documents in accordance with the Protocol is not practicable, the Applicants and the Monitor are at liberty to serve or distribute this Order, any other materials and orders in these proceedings, any notices or other correspondence, by forwarding true copies thereof by prepaid ordinary mail, courier, personal delivery or facsimile transmission to the Applicants' creditors or other interested parties at their respective addresses as last shown on the records of the Applicants and that any such service or distribution by courier, personal delivery or facsimile transmission shall be deemed to be received on the next business day following the date of forwarding thereof, or if sent by ordinary mail, on the third business day after mailing.

**CHAPTER 15 PROCEEDINGS**

59.     **THIS COURT ORDERS** that the CRO is hereby authorized and empowered, but not required, to act as the foreign representative (in such capacity, the "**Foreign Representative**") in respect of the within proceedings for the purpose of having these proceedings recognized and approved in any jurisdiction outside of Canada.

60.     **THIS COURT ORDERS** that the Foreign Representative is hereby authorized to apply for recognition and approval of these proceedings, as necessary, in any jurisdiction outside of Canada including, without limitation, the United States Bankruptcy Court for the Southern District of New York (the "**Foreign Bankruptcy Court**") pursuant to Chapter 15 of the US Bankruptcy Code. The Foreign Representative is authorized to apply for recognition and enforcement of this Order and any subsequent Orders of this Court in the United States.

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

LA PRÉSENT ATTESTE QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE À TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS __14__ DAY OF __May__ 20 __25__
FAIT À TORONTO LE                    JOUR DE

REGISTRAR
GREFFIER

Maggie Sawka

Electronically issued / Délivré par voie électronique : 14-May-2025
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-25-00743053-00CL

- 21 -

including, without limitation, paragraphs 13, 15, 16, 17 and 20 with respect to any Proceeding taking place in the United States, any Business or Property of the Applicants located or being conducted within the United States, and any Person located or acting within the United States, as applicable. All courts and administrative bodies of all such jurisdictions are hereby respectively requested to make such orders and provide such assistance to the Foreign Representative, the Applicants and the Monitor as may be deemed necessary or appropriate for that purpose.

**GENERAL**

61.    **THIS COURT ORDERS** that the comeback motion shall be heard on May 22, 2025.

62.    **THIS COURT ORDERS** that the Applicants or the Monitor may from time to time apply to this Court to amend, vary or supplement this Order or for advice and directions in the discharge of their powers and duties hereunder or in the interpretation or application of this Order.

63.    **THIS COURT ORDERS** that nothing in this Order shall prevent the Monitor from acting as an interim receiver, a receiver, a receiver and manager, or a trustee in bankruptcy of the Applicants, the Business or the Property.

64.    **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory body or administrative body having jurisdiction in Canada or in the United States, including the Foreign Bankruptcy Court, to give effect to this Order and to assist the Applicants, the Foreign Representative, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Foreign Representative, the Applicants and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the CRO in any foreign proceeding, or to assist the Foreign Representative, the Applicants and the Monitor and their respective agents in carrying out the terms of this Order.

65.    **THIS COURT ORDERS** that each of the Foreign Representative, the Applicants and the Monitor be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTESTE QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVETUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS 14 DAY OF May 20 25
FAIT A TORONTO LE ___ JOUR DE ___

REGISTRAR                                    Maggie Sawka

Electronically issued / Délivré par voie électronique : 14-May-2025
Toronto Superior Court of Justice / Cour supérieure de justice

- 22 -

66.    **THIS COURT ORDERS** that this Order and all of its provisions are effective as of 12:01 a.m. Eastern Standard/Daylight Time on the date of this Order, and is enforceable without any need for entry and filing.

_____

THIS IS TO CERTIFY THAT THE
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE LE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE À TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS  14  DAY OF  May  20 25
FAIT À TORONTO LE        JOUR DE

REGISTRAR

Maggie Sawka

Court File No./N° du dossier du greffe : CV-25-00743053-00CL

Electronically issued / Délivré par voie électronique : 14-May-2025
Toronto Superior Court of Justice / Cour supérieure de justice

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED AND IN THE MATTER OF A PROPOSED PLAN OF COMPROMISE OR ARRANGEMENT WITH RESPECT TO LI-CYCLE HOLDINGS CORP. ET AL.

Court File No. CV-25-00743053-00CL

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

Proceeding Commenced at Toronto

**INITIAL ORDER**

**McCarthy Tétrault LLP**
Suite 5300, TD Bank Tower
66 Wellington Street West
Toronto, ON  M5K 1E6

**Heather Meredith**  LSO#: 48354R
Tel: 416-601-8342
E-mail:  hmeredith@mccarthy.ca

**Trevor Courtis**  LSO#: 67715A
Tel: 416-601-7643
E-mail: tcourtis@mccarthy.ca

**Saneea Tanvir**  LSO#: 77838T
Tel : 416-601-8181
E-mail: stanvir@mccarthy.ca

**Meena Alnajar**  LSO#: 89626N
Tel: 416-601-8116
E-mail: malnajar@mccarthy.ca

Lawyers for the Applicants