**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| | )    Chapter 15 |
| | ) |
| LI-CYCLE HOLDINGS CORP., *et al.*, | ) |
| | )    Case No. 25-10991 (PB) |
| | ) |
| Debtors in a Foreign Proceeding. | ) |
| | ) |
| | ) |

**ORDER GRANTING PROVISIONAL RELIEF AND SHORTENING**
**NOTICE PERIOD PURSUANT TO SECTION 1519 OF THE BANKRUPTCY**
**CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(c)(1)**

William E. Aziz, in his capacity as the duly authorized foreign representative (the "Foreign Representative"), is the court-appointed foreign representative for Li-Cycle Holdings Corp., an Ontario corporation ("Holdings"), Li-Cycle U.S. Inc., a Delaware corporation ("North America Opco"), Li-Cycle Inc., a Delaware corporation ("U.S. SpokeCo"), and Li-Cycle North America Hub, Inc., a Delaware corporation ("U.S. HubCo" and, together with North America Opco, U.S. SpokeCo and Holdings, the "Chapter 15 Debtors") in a proceeding under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "CCAA"), pending before the Commercial List of the Ontario Superior Court of Justice (the "Canadian Proceedings").

On May 14, 2025, the Foreign Representative commenced these Chapter 15 cases (the "Chapter 15 Cases") by filing, on behalf of the Chapter 15 Debtors and pursuant to sections 1504 and 1515 of title 11 of the United States Code (the "Bankruptcy Code"), the Verified Chapter 15 Petition for Recognition of Foreign Main Proceeding and Related Relief (the "Verified Petition"), along with the Official Form 401 (Chapter 15 Petition for Recognition of a Foreign Proceeding) and an Ex Parte Application for an Order (A) Granting Provisional Relief and (B) Scheduling

Hearing on Shortened Notice Pursuant to Sections 105(a), 1519 and 1521(a)(7) of the Bankruptcy Code (the "Application for Provisional Relief" and, collectively with the Verified Petition and Notice Application, the "First Day Motions").

The Foreign Representative has also filed a Declaration of the Foreign Representative (the "Aziz 1519 Declaration") in support of the Application for Provisional Relief.

By its Application for Provisional Relief, the Foreign Representative requested entry, on an *ex parte* basis, of a provisional order staying execution against the US assets and business operations of the Chapter 15 Debtors, staying legal proceedings against the Chapter 15 Debtors and certain of their current and former directors and officers, and applying section 362 of the Bankruptcy Code in the Chapter 15 Cases on a provisional basis pending the adjudication of the Verified Petition. In its Application for Provisional Relief, the Foreign Representative also sought to shorten the notice period applicable to the Verified Petition, and to hold a hearing with respect to the Verified Petition no later than seven days from the granting of the Application for Provisional Relief.  The Court has considered and reviewed the Application for Provisional Relief, the Verified Petition, and the Aziz Declaration and all related documents filed therewith. Based on the foregoing, as well as on all hearings and proceedings held in connection with the same:

**THE COURT FINDS AND CONCLUDES AS FOLLOWS:**

1.      The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.

2.      The statutory bases for the relief set forth herein are sections 1519, 1520, 1521(a)(7), 105, and 362 of the Bankruptcy Code.

3.      The Foreign Representative has demonstrated a substantial likelihood of success on

2

the merits that (a) the Canadian Proceedings are "foreign main proceedings" as that term is defined in section 1502(4) of the Bankruptcy Code or, alternatively, with respect to certain Chapter 15 Debtors, the Canadian Proceedings are "foreign nonmain proceedings" as defined in section 1502(5) of the Bankruptcy Code, (b) the Foreign Representative is a "foreign representative" as that term is defined in section 101(24) of the Bankruptcy Code, and (c) all statutory elements for recognition of the Canadian Proceedings will be satisfied in accordance with section 1517 of the Bankruptcy Code.

4.      The provisional relief set forth herein is appropriate to protect the assets of the Chapter 15 Debtors and the interests of their creditors pending the Court's consideration of the Verified Petition.

5.      Irreparable harm could and likely would result in the absence of the application of the automatic stay. In the absence of such relief, creditors could take action in the United States that would interfere with the conduct of the Canadian Proceedings to the detriment of the Chapter 15 Debtors and of the creditor body as a whole.

6.      Application of the automatic stay on an interim and provisional basis will preserve the status quo and will not result in any substantial harm or prejudice to other parties. Any harm that conceivably could result to other parties as a result of such relief is less than the irreparable harm to the Chapter 15 Debtors that would likely result if such relief were not granted.

7.      Application of the automatic stay will serve the public interest in that, among other things, such relief is necessary to realize the intent and objectives of Chapter 15 in this case

8.      The Foreign Representative has demonstrated good cause to shorten the notice period applicable to the Verified Petition, in that a notice period longer than provided by this Order risks substantial harm to the Chapter 15 Debtors' ability to efficiently and successfully conduct

the Canadian Proceedings.

9.      Due to the nature of the relief requested, the Court finds that no security is required under Rule 65(c) of the Federal Rules of Civil Procedure to the extent applicable in these cases by Rule 7065 of the Federal Rules of Bankruptcy Procedure.

10.      It would not be feasible, prior to entry of this Order, for the Foreign Representative to serve prior notice of the Application for Provisional Relief on all parties in interest, and giving such prior notice would create the risk that creditors and contract counterparties would rush to take actions that would undermine or defeat the purposes of the relief that the Foreign Representative seeks.

11.      This Court has jurisdiction over this matter pursuant to 28 U.S.C §§ 157 and 1334 and Section 1501 of the Bankruptcy Code.

12.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

13.      Venue is proper in this District pursuant to 28 U.S.C. § 1410.

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1.      The Foreign Representative's Application for Provisional Relief is **GRANTED** as set forth herein.

2.      Beginning immediately upon the entry of this Order, and continuing through a ruling by the Court on the Verified Petition, section 362 of the Bankruptcy Code shall apply to the Chapter 15 Debtors and their property, and their business operations within the territorial jurisdiction of the United States, subject to such exceptions to the automatic stay as are set forth in the Bankruptcy Code. For the avoidance of doubt, and in the absence of an Order of this Court granting relief from the stay, the application of the automatic stay, *inter alia* (i) prohibits the suspension, repudiation, rescission, termination, or alteration of contracts or leases to which the Chapter 15 Debtors are parties, or the enforcement of remedies under such contracts or leases, and

(ii) enjoins all persons and entities subject to this Court's jurisdiction from taking or continuing to take any act to seize, attach, possess, execute upon, exercise control over and/or enforce liens against any assets of the Chapter 15 Debtors located in the United States.

3.      For the avoidance of doubt, the provisional stay of legal proceedings imposed by this Order includes, without limitation, the continuation of legal processes or proceedings against any Debtor in the following legal actions and in all proceedings related thereto or appeals therefrom:    (i) *Hubiack v. Li-Cycle Holdings Corp., et al.*, No. 23-cv-09894 (S.D.N.Y.); (ii) *Mastec Industrial Corp., Inc. v. Li-Cycle North America, Hub, Inc.*, Index No. E2024006083 (Sup. Ct. Monroe Cty) and any related arbitration proceedings; (iii) *UDN Inc. v. Li-Cycle North America Hub, Inc.*, Index No. E2025004271 (Sup. Ct. Monroe Cty); (iv) *Virginia Transformer Corp.*, Case No. 2024-cv-06742 (W.D.N.Y) and any related arbitration or mediation proceedings. Section 362 of the Bankruptcy Code shall also be extended provisionally to prevent the continuation of any legal proceedings against all non-debtor defendants in the action captioned *Hubiack v. Li-Cycle Holdings Corp., et al.*, No. 23-cv-09894 (S.D.N.Y.), including any appeals therefrom.

4.      Notwithstanding anything to the contrary contained herein, this Order shall not be construed as enjoining the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed pursuant to section 362 of the Bankruptcy Code.

5.      Beginning immediately upon the entry of this Order, and continuing through a ruling by the Court on the Verified Petition, section 365(e) of the Bankruptcy Code shall apply to all US contracts to which the Chapter 15 Debtors are parties.

6.      Any party in interest may make a motion seeking relief from or modifying this Order by motion or application to this Court, which may be heard on shortened notice if the

circumstances so warrant.

7.      In addition, the application of the automatic stay pursuant to this Order shall not bar or enjoin the performance of any act authorized or required by the Canadian Court in the Canadian Proceedings, or any act performed with the express written consent of the Chapter 15 Debtors, including without limitation the granting or perfecting of any liens or security interests in connection with any debtor-in-possession financing of the Chapter 15 Debtors authorized by the Canadian Court or this Court.

8.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, including, but not limited to, Bankruptcy Rules 7062 and 1018, (i) this Order shall be effective immediately and enforceable upon its entry; (ii) the Foreign Representative and the Chapter 15 Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (iii) the Foreign Representative and the Chapter 15 Debtors are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

9.      Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived.

10.     Notice of entry of this Order and of the Hearing shall be served on all parties against whom relief is specifically sought in the Provisional Relief Application, or their counsel, if applicable, including such parties as set forth in the Service List Pursuant to Bankruptcy Rule 1007(a)(4) filed concurrently herewith.  Such persons shall include (a) all persons involved in US litigation proceedings against the Chapter 15 Debtors, (b) all landlords and lessors identified by name in the Application, (c) persons who have filed mechanics' liens with respect to the US property or assets of the Chapter 15 Debtors, (d) the office of the United States Trustee and (e) all

parties that have filed notices of appearance in this Chapter 15 case in accordance with Bankruptcy Rule 2002. Notice of the entry of this Order and the Hearing shall be served by e-mail where e-mail addresses are known and, where they are not, by overnight mail, by 12:00 PM on the next day after entry of this Order.

11.     Service in accordance with this Order shall constitute adequate and sufficient service and notice.

12.     The hearing to consider the relief requested in the Verified Petition shall be held on shortened notice. Any party in interest wishing to submit a response or objection to the relief requested in the Verified Petition must do so in writing and such response or objection shall conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York and shall be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and shall be served so as to be actually received by no later than **May 21, 2025 at 12:00 p.m. (Eastern Time)** by the Court and the following parties: (a) counsel to the Foreign Representative, Freshfields US LLP, 3 World Trade Center, 175 Greenwich Street, New York, New York 10007, Attn: Madlyn Gleich Primoff and Alexander Adams Rich; (b) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street #1006, New York, New York 10014; and (c) all parties that file notices of appearance in the Chapter 15 Cases in accordance with Federal Rule of Bankruptcy Procedure 2002. A hearing regarding the Verified Petition shall be held on **May 23, 2025 at 11:00 a.m. (Eastern Time)**, without prejudice to the right of any person to seek an adjournment of such hearing for good cause shown.

13.     This Court shall retain jurisdiction with respect to all matters relating to the

interpretation or implementation of this Order.


Dated:   New York, New York
         May 14, 2025

                                                    /s/ Philip Bentley
                                                    **Hon. Philip Bentley**
                                                    **United States Bankruptcy Judge**